---

(28 Misc. Rep. 351.)

## In re TOMPKINS.

(Surrogate's Court, Madison County. July, 1899.)

WILL—CONSTRUCTION—BEQUEST IN TRUST.

A will bequeathed a sum of money in trust, directing the trustee to apply the income to the personal support, maintenance, and comfort of a son of the testatrix, and from time to time to personally apply such portion of the income as he might deem necessary and proper to the purchase of clothes for the son, to the end that he should be at all times well and suitably clothed. At the death of the son, the fund, together with any accumulated income, was to be divided between the son's children. *Held*, that the support which the son was to receive from such income did not extend to his wife and children, and that the son had no assignable interest therein; it being the intention of the testatrix that so much as was not applied by the trustee to the personal support of the son should be accumulated until his death.

Judicial settlement of the accounts of Brownell Tompkins, as executor of the will of Fidelia Clark, deceased.   On objections to executor's account.   Overruled.

By the fifth clause of the will of the testatrix, she bequeaths to Brownell Tompkins the sum of $6,000, in trust, nevertheless, to invest the same and keep the same invested in good, interest-bearing securities during the term of the natural life of her son, Edward Pason Clark, and to apply the income arising therefrom to the personal support, maintenance, and comfort of her son during the term of his natural life.   The will directs the trustee, from time to time, to personally apply such portions of the income as may be necessary and proper to the purchase of clothing for her said son, to the end that he may be at all times well and suitably clothed, in accordance with his rank and station in life; and upon his decease the trustee is directed to pay the $6,000, together with any accumulated income, to his children, including children hereafter born, to whom the testatrix bequeathed the same, share and share alike.   At the time of the execution of the will, the said Edward Pason Clark was the husband of M. Josephine Clark, and the father of Marion L. Clark, a child of their marriage.   The will was admitted to probate on the 23d day of January, 1893, and letters testamentary thereon were duly issued to Brownell Tompkins, the executor and trustee named therein.   Subsequently, and in July, 1893, a son was born to the said Edward Pason and M. Josephine Clark, named Lucius P. Clark.   On January 31, 1896, M. Josephine Clark was divorced from her said husband; the decree giving her the custody of their said children, and directing the said Edward Pason Clark to pay her the sum of $25 per month from January 31, 1896, for the support of herself and her said children.   No part of this alimony has been paid.   About the time of the rendition of this decree of divorce, and to the end that the alimony therein provided for might be paid, Edward Pason Clark executed to said M. Josephine Clark an instrument assigning to her the income on said trust fund to the amount of $25 per month, and gave an order upon said trustee to pay the same to her.   The trustee having refused to recognize said assignment or order, the said M. Josephine Clark filed objections to the trustee's account, and to the income on the trust fund paid by the trustee to, or by him used for the benefit of, said Edward Pason Clark, since he executed such assignment, and asks for an order or decree compelling said trustee to pay to her the sum of $25 per month since such assignment, and hereafter to pay her a like sum from the income from such trust fund during the lifetime of said Edward Pason Clark.

H. B. Coman, for executor and trustee.
Charles B. Goodrich, for M. Josephine Clark and special guardian.
Sholes & Ferris, for Watson P. Dunmore, executor, etc.

SMITH, S.   The will does not give the income of the trust fund to the son.   It rather directs the trustee to use or apply the same to the personal support, maintenance, and comfort of the son, and from time to time to personally apply such portion of the income as the trustee may deem necessary and proper to the purchase of clothes for the son, to the end that he may be at all times well and suitably clothed in accordance with his rank and station in life; and at the death of the son the trust fund, together with any accumulated income, is to go to his children, including those hereafter born.   For some reason, not necessary here to be considered, the testatrix deemed it best to place in the hands of this trustee a fund, the income of which, or at least such portions thereof as the trustee might, in the exercise of a sound and honest discretion, deem necessary, he is to apply to the personal support and comfort of her son.   This she had a right to do.   Within the rules of law, she had the right to

limit the application and use of her property as to her might seem best. The counsel for the contestant, M. Josephine Clark, contends that, under the language of the will, the. support which the son is to receive from this income should be held to extend to her, as the wife, and to their children; that the law will not permit the son to be properly supported out of this income while she and the children suffer. If the income was given to the son, the counsel would be right in this contention. The son could then assign such income, and the same would be subject to his debts. But the testatrix limited the application of the income to the personal support, etc., of the son, and to be personally expended by the trustee. Under the plain and carefully worded language of the will, I think the son has not an assignable interest in the income of the trust fund, and that such interest cannot be reached by his creditors. It cannot be doubted that a parent may, by will, apply to the use of his child the necessaries of life, or, if he chooses, he may invest the title of such portions of his means as may be necessary for that purpose in a trustee, to be applied to the use of the child, in which case the validity of the trust would not be made to depend upon the capacity of the child to manage the property, confided to another to be applied to the child's use, but upon the question whether, by any rule of law or equity, the child could take out of the hands of the trustee that which its benefactor had placed there for its support. If the child could not, then, clearly, his judgment creditor could not. Hence such a benefit or interest is not assignable. Dillaye v. Bank, 51 N. Y. 345. Williams v. Thorn, 70 N. Y. 270, is not in conflict, but rather is in harmony, with the views herein expressed. That case holds the doctrine herein stated, —that, where the debtor is the beneficiary of a trust under and by which the trustees are required to receive and pay over to him the income of the trust estate, the creditor may reach the surplus income beyond what is necessary for the suitable support and maintenance of the cestui que trust and those dependent upon him. In that case the cestui que trust was entitled to have the whole income paid over to him, and he could compel such payment. The title to the income became vested in him. It became his property, subject to his disposal, and, of course, the creditors could reach any surplus after deducting his necessary support. It is doubtful if such support could be deducted as against them. In this case the income is not to be paid over to, or to become the property cf, the cestui que trust; rather, the testatrix intended that from time to time the trustee should personally apply such portion of the income as might be necessary to the personal support and maintenance of the cestui que trust, and even attend to the purchase of necessary and proper clothing for him, and at his death any accumulations of such trust fund are to go to the children of the beneficiary.

By the statute of uses and trusts (1 Rev. St. p. 730, § 63), no person beneficially interested in a trust, or the receipts of the rents and profits of land, can assign or in any manner dispose of such interest, but the rights and interests of every person for whose benefit a trust for the payment of a sum in gross is created are assignable. The amendment, by chapter 452 of the Laws of 1893, of this statute, has no ap-

plication to the question here under consideration. Where there is no reason for a distinction in the nature of the property, there is certainly great propriety in assimilating the rules governing disposition of real and personal estate. Acting upon this principle, the statutory rule, rendering the interest of a beneficiary in a trust for the receipt of the rents and profits of land inalienable, has, by analogy, been applied to trusts of personal property. Graff v. Bonnett, 31 N. Y. 9; Cook v. Lowry, 95 N. Y. 111; Wetmore v. Wetmore, 149 N. Y. 527, 44 N. E. 169. Trusts of personal property are to be assimilated, as near as may be, to the provisions of law respecting trusts under the statute. Brown v. Richter, 25 App. Div. 239, 49 N. Y. Supp. 368.

In support of the contention that under the will in question the income should have been applied to the support of the contestant, as wife, and to the support of the children, as well as to the support of Edward Pason Clark, the contestant relies on the case of Wetmore v. Wetmore, supra. It is conceded that, when the contestant became the wife of Edward Pason Clark, he undertook to support and maintain her during life. That duty still devolves upon him, notwithstanding the decree of divorce. Being the guilty party, his duty is continued, and is measured by the decree. Romaine v. Chauncey, 129 N. Y. 566, 29 N. E. 826. At common law the husband and wife were recognized as one, and while the married woman's acts have, to some extent, changed the common-law rule, as to the question here under consideration their common-law unity still exists. Bertles v. Nunan, 92 N. Y. 152. By reason of this common-law unity, it has been held that a will creating a trust for the benefit of the husband, although it makes no mention of the wife, yet, owing to their unity of person and his duty to support her, equity will not permit the interposition of creditors until there is a surplus over and above that which is necessary for the support of himself, his wife and infant children. Williams v. Thorn, 70 N. Y. 270; Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251; Sillick v. Mason, 2 Barb. Ch. 79. Equity will not feed the husband and starve the wife, neither will it favor the wife to the detriment of the husband. Treating them as one, and both entitled out of the income of the estate, so far as creditors are concerned, furnishes a just rule and a safe basis for adjustment where the question of support arises between themselves. Under these principles, if the whole income was directed to be paid to, or used for the support of, the husband, and if the will contained no directions for the accumulation and disposition of the surplus, the case of Wetmore v. Wetmore might be said to be controlling. In that case the whole income was to be used for the support of the husband. In this case the testatrix limited the income to the personal support of the husband, and vested in the trustee a discretion as to the amount thus to be expended, disposing of any accumulated or surplus income. The testatrix seemed to contemplate the accumulation of a surplus, and made provision for its disposition.

The facts in this case are clearly distinguishable from Thompson v. Thompson, 52 Hun, 456, 5 N. Y. Supp. 604, cited by the contestants. In that case the will directed the trustee to pay over the net

income to the cestui que trust for a certain time, and then to pay the principal to him.

The court must look after the intention of the party making the gift, and that intention, when ascertained, is binding upon the conscience. The trustee is not only empowered, but is required, to act in accordance with the will of the testatrix, who created the trust. Bull v. Bull, 8 Conn. 47; Erickson v. Willard, 1 N. H. 217; Knight v. Knight, 3 Beav. 148–172, 175; Story, Eq. Jur. § 1070, and note. I think the trustee would not be warranted in complying with the order given to the contestant, or in paying such income, or any part of it, to her, under the assignment in question, but that he was right in using it for the personal support of the cestui que trust. Therefore the objections to the executor's account are overruled.

Objections overruled.