## Matter of the Estate of AMELIA ANN YARD, Deceased.

(Surrogate's Court, New York County, June, 1921.)

**Jurisdiction — equitable jurisdiction of Surrogate's Court — separation agreement — Code Civ. Pro. § 2510.**

Where a separation agreement makes specific provision for the payment of one-half of the husband's interest in a certain trust fund created by the will of his mother and amounting to about $50 per month, for the support and maintenance of his wife, the Surrogate's Court, under the equity powers granted by section 2510 of the Code of Civil Procedure, has complete jurisdiction to entertain an application by the wife for the payment to her of one-half of the income bequeathed to her husband, and such application will be granted.

The separation agreement is not an alienation of income, which is prohibited by statute, but merely a direction for the

payment of part of the income of the husband under his legal and moral liability to his wife, and she is entitled to maintain the present proceeding.

PROCEEDING to enforce payment of income.

Hastings & Gleason, for petitioner.

Rhinelander, Durkin & Perkins (Edward N. Perkins, of counsel), for Wm. Yard, Jr.

E. G. Duvall, for trustee.

FOLEY, S.    The testatrix 'by her will directed that part of the income of a certain trust be paid to William W. Yard, Jr.    The latter's wife applies in this proceeding for the payment of one-half of the income bequeathed to him.    Prior to 1919 the husband and wife separated and are now living apart.    A separation agreement was entered into between them which makes specific provision for the payment of one-half of his interest in this estate for her support and maintenance.    The husband now opposes this application on the ground that the separation agreement is an assignment and thereby void under section 103 of the Real Property Law and section 15 of the Personal Property Law, which prohibit the transfer of trust income.    The trustee is neutral.    The portion of the income claimed by the wife amounts approximately to $50 per month.    The allowance fixed in the agreement is extremely reasonable.    This court under the equity powers granted to it by section 2510 of the Code of Civil Procedure (old § 2472a) has complete jurisdiction in this proceeding.  *Matter of Malcomson,* 188 App. Div. 600; *Matter of Coombs,* 185 id. 312; *Hull* v. *Hull,* 225 N. Y. 342, 352.    The application will, therefore, be granted.

In the case of *Wetmore* v. *Wetmore,* 149 N. Y. 520, the Court of Appeals upheld a direction in a decree of divorce requiring the payment of alimony out of the husband's interest in trust income. The theory of the court was that equity sustained the right of participation because of the duties devolved upon the husband to support the wife. It is there stated: "At common law the husband and wife were recognized as one. The Married Women's Acts have to some extent changed the common-law rule. But as to the question we have here under consideration their common-law unity still exists (*Bertles* v. *Nunan,* 92 N. Y. 152). The will creating the trust for the benefit of William makes no mention of his wife. And yet, owing to their unity of person and his duty to support her, equity will not permit the interposition of creditors until there is a surplus over and above that which is necessary for the support of himself, his wife and infant children (*Williams* v. *Thorn,* 70 N. Y. 270; *Tolles* v. *Wood,* 99 N. Y. 616; *Sillick* v. *Mason,* 2 Barb. Chan. 79). *Equity will not feed the husband and starve the wife.*   *   *   *   Treating them as one, and both entitled to support out of the income of the estate, so far as creditors are concerned, furnishes a just rule and a safe basis for adjustment where the question of support arises between themselves." *Wetmore* v. *Wetmore, supra,* 529. This decision was followed by the Appellate Division in this department in *Hoagland* v. *Leask,* 154 App. Div. 101; affd., 214 N. Y. 645, and the doctrine of unity of person in the marital relation was sustained. See, also, *Zwingmann* v. *Zwingmann,* 150 App. Div. 358, 360; *Demuth* v. *Kemp,* 159 id. 422, 426; *Matter of Valentine,* 5 Misc. Rep. 479; *Moore* v. *Moore,* 143 App. Div. 428, 434; affd., 208 N. Y. 97. In the latter case Judge Miller, commenting on the application of the rule, says: "Within that

principle a court having jurisdiction to administer the trust could, independently of the rules applicable to an ordinary judgment creditor's action, compel the application of the income to the support of both husband and wife, and that, too, in an action directly against the trustees.''

I see no difference between the direction in a decree of alimony, and the amount allowed in the separation agreement. In the former case there is an element of compulsion although within the proper jurisdiction of a court of equity. In the latter case, the husband consents to the allowance, thereby recognizing the duty to provide and the reasonableness of the amount fixed by both parties. Indeed under all the authorities, the terms of a valid separation agreement seem to be equally as forceful and effectual as a judicial allowance of alimony, and they are conclusive as to the amount of alimony either temporary or final. *Galusha* v. *Galusha,* 116 N. Y. 635; *Greenfield* v. *Greenfield,* 161 App. Div. 573; *Benesch* v. *Benesch,* 182 id. 221; *Winter* v. *Winter,* 191 N. Y. 462; *Gewirtz* v. *Gewirtz,* 189 App. Div. 483; *Van Ness* v. *Ransom,* 164 id. 483; affd., *sub nom., Parsons* v. *Macfarlane,* 220 N. Y. 605. Such a contract is biding upon both parties, unless set aside or impeached.

But the husband here asserts that this court cannot direct payment of one-half of the income, and that she should be remitted to the Supreme Court for her relief; that she should be compelled to reduce her claim for the unpaid allowance to judgment, to exhaust her remedies at law as a judgment creditor and thereafter to bring action in equity for the payment by the trustee, who is now a party before this court. I do not agree with this litigious contention. This court cannot allow the husband to repudiate a written contract directing payment of his trust income for the

support of his wife, nor will it permit unnecessary litigation, burdensome to the parties, to the estate and to another court, where its own powers are complete. The Surrogate's Court has express powers to control the conduct and powers of trustees, and particularly to enforce the payment of legacies and delivery of moneys by trustees belonging to the fund. The separation agreement is not an alienation of income which is prohibited by statute. It is merely a direction for payment of part of his income, under the legal and moral liability of the husband to the wife. The unity of the parties enables her to bring this proceeding in his right and places her exactly in the same position that he occupies.

Decreed accordingly.