In the Matter of the Estate of FLORA LITTAUER, Deceased. ANN H. MOWDER, Appellant; WALTER W. RICHARD et al., Respondents.

Third Department, November 24, 1954.

*Richard J. Mackey* for appellant.

*Walter T. Kohn* and *J. Charles Weschler* for respondents.

HALPERN, J. The petitioner is the former wife of the respondent Walter Wooster Richard, who is the beneficiary under a testamentary trust of which the other respondent is the trustee. The will creating the trust directed that the income be paid to Walter Wooster Richard during his lifetime and that the principal be paid over to his heirs at law upon his death. The petition alleges that the income has run about $23,000 per year.

The petitioner obtained a divorce in Cuba upon the ground of nonsupport, the decree directing that the defendant pay $150 per month for the support of a child of the marriage. There was also a provision in the divorce decree for alimony for the petitioner but her right to alimony terminated upon her subsequent remarriage.

At various times, the petitioner encountered difficulty in collecting the monthly installments, resort to an action at law having been necessary on some occasions, although it appeared upon the argument of the appeal that all installments had been paid to date and that the respondents' attorney had given his assurance that they would be paid in the future as they fell due.

However, in view of the past difficulties, the petitioner was unwilling to accept this assurance and, in this proceeding, she sought an order from the Surrogate's Court of Fulton County, under whose supervision the testamentary trust was being administered, authorizing and directing the trustees to pay the sum of $150 per month out of the trust income directly to the petitioner for the support and maintenance of the child.

The Surrogate held that he was without power to make such a direction and accordingly he dismissed the petition.

The petitioner contends that, under section 40 of the Surrogate's Court Act, conferring broad equity powers upon the Surrogate's Court, the court below had the power to grant the continuing direction to the trustee which she sought. Section 40 authorizes each Surrogate " To administer justice in all matters relating to the affairs of decedents, and * * * to try and determine all questions, legal or equitable * * * as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter ". It is certainly just and equitable that the beneficiary of the trust should support his infant child and the amount sought is conceded to be a fair and reasonable one, but the grant of power to the Surrogate's Court does not authorize the Surrogate to make any and all orders or directions which serve the cause of justice and equity. The quoted section confers procedural jurisdiction upon the Surrogate to grant equitable as well as legal relief but, before he can grant relief in a particular case, it must appear that, as a matter of substantive law, grounds for the relief exist.

There is no general principle of substantive law which authorizes a court which has supervision of the administration of a trust, to make an allocation of the income of the trust for the support of the family of the life beneficiary, and to order payment of a part of the income directly to the family, whenever the beneficiary neglects to provide for his family's support. The reported cases in which courts have made continuing directions of this kind fall into three categories, none of which embraces the case here presented.

(1) The trust instrument may itself, expressly or by implication, provide for the support of the family of the named beneficiary as well as for the support of the beneficiary himself. In such a case the wife or children of the named beneficiary may be regarded as additional beneficiaries of the trust and the court supervising the trust may accordingly direct the trustee to make appropriate payments out of the income for their support (cf. *Oberndorf* v. *Farmers' Loan & Trust Co.*, 208 N. Y. 367; *Robin-*

*son* v. *Robinson,* 173 Misc. 985; Griswold on Spendthrift Trusts [2d Ed.], § 333, and 1 Scott on Trusts, § 157.1). There is no basis for construing the trust instrument in this case as making the family of Walter Wooster Richard additional beneficiaries of the trust. The trust is simply one to pay the income of designated shares of stock to Richard. There is no reference in the trust instrument to his support or to the support of his family.

(2) An assignment by the beneficiary of a trust to his wife for her support or the support of their children may be upheld, even though the trust is of the spendthrift type and an assignment of future income is not ordinarily permissible. (See Personal Property Law, § 15, and Real Property Law, § 103.) The rule prohibiting the assignment of the income of a spendthrift trust is designed to protect the beneficiary against his own improvidence, so that the income of the trust may be preserved for the support of the beneficiary and his family (cf. Real Property Law, § 98). An assignment within the family unit for the support of a member of the family does not violate this purpose but rather facilitates its execution. The rule prohibiting assignments is therefore held to be inapplicable to an agreement by the beneficiary that a designated part of the income should be paid to his wife for her support or the support of their children and the courts have directed the trustee to comply with the agreement. (*Matter of Yard,* 116 Misc. 19; *Matter of Randolph,* 159 Misc. 688; *Bursch* v. *Bursch,* 60 N. Y. S. 2d 633; Restatement, Trusts, § 157, comment a; 3 Syracuse L. Rev., 326, 327; 3 Bradford Butler on New York Surrogate Law & Practice, § 2491; Griswold on Spendthrift Trusts [2d Ed.], § 338; but see *Matter of Tompkins,* 28 Misc. 351.)

But it does not follow from these cases that, in the absence of an assignment by the beneficiary, the members of the family have an independent right to obtain a share of the income directly from the trustee. The beneficiary is still solely entitled to receive the income, in the absence of a voluntary assignment by him or the enforcement of the right to support by judicial process against him.

In the present case, there has been no assignment of any part of the income by the husband. On the contrary, the petition asserts the right to an allocation of a share of the future income payable to the husband, despite his refusal to consent to such an allocation. For this, we find no authority in the cases cited.

(3) The remaining class of cases, in which an order has been granted directing a trustee to pay part of the income for the

support of the beneficiary's wife, consists of cases in which a judgment of divorce had been obtained in this State, providing for the payment of alimony or support, and in which the court held that a direction to the trustee was a proper method of effectuating the judgment (*Wetmore* v. *Wetmore,* 149 N. Y. 520; *Hoagland* v. *Leask,* 154 App. Div. 101, affd. 214 N. Y. 645; *Thompson* v. *Thompson,* 52 Hun 456; *Matter of Moller,* 157 Misc. 338). In these cases, the court merely accomplished directly by an order to the trustee what could have been accomplished more circuitously by a sequestration proceeding and the appointment of a receiver, under section 1171 of the Civil Practice Act. Under this section, the future income of a trust fund may be sequestered in proceedings to enforce the alimony provisions of a matrimonial decree (*Scott* v. *Scott,* 219 App. Div. 451, appeal dismissed 247 N. Y. 527; *Ferguson* v. *Ferguson,* 247 App. Div. 24).

This remedy is also available to enforce a matrimonial decree granted in a sister State, if the decree had been obtained upon grounds recognized in New York State and if the decree had been made the judgment of the New York courts by appropriate action (Civ. Prac. Act, § 1171). However, under the statute, a sequestration proceeding is not available to enforce a divorce decree obtained in a foreign country and, pursuant to this expression of State policy, the Court of Appeals has held that specific equitable relief will not be granted by the courts of this State to enforce such a decree. The court accordingly dismissed a suit in equity in which the plaintiff sought a judgment directing the defendant to comply with the alimony provisions of the foreign decree (*Boissevain* v. *Boissevain,* 252 N. Y. 178).

For the same reason, a wife is not entitled to obtain from the courts of this State a direction to the trustee of a trust, of which the husband is the beneficiary, to pay alimony or support in accordance with a foreign decree. Such a direction would give the wife a remedy which she could not have obtained either under the sequestration statute or by a suit in equity and to which, under the public policy of this State, she was not entitled upon the basis of the foreign decree.

Since the decree in this case was one granted in Cuba, the petition was correctly dismissed under the authorities cited.

The foregoing analysis covers the reported cases but there are some unreported decisions by Surrogate FOLEY which seem to go beyond the three categories set forth above and to hold that the Surrogate has the power to direct a trustee to pay part of the income to the wife of the beneficiary for her support,

without an assignment by the husband and without a prior New York matrimonial decree (*Matter of Baumgarten,* N. Y. L. J., May 26, 1943, p. 2060, col. 3; *Matter of Meyer,* N. Y. L. J., April 18, 1945, p. 1468, col. 6). In support of this conclusion, Surrogate FOLEY cited the *Wetmore* case (149 N. Y. 520, *supra*) which, as we have seen, was concerned with the enforcement of a New York divorce decree, and he also cited his own decision in *Matter of Yard* (116 Misc. 19, *supra*) but in that case there was a separation agreement under the terms of which the husband had assigned part of his trust income to his wife. The *Yard* case has been generally interpreted by the other courts which have followed it, and by the text writers upon the subject (*supra*) as resting upon the voluntary assignment by the husband.

The unreported decisions by Surrogate FOLEY apparently are based upon the theory elaborated by him in *Matter of Yard* (*supra*) that the common-law unity of husband and wife gave the wife the right to bring a proceeding directly against the trustee for a part of the income of a trust of which her husband was the beneficiary. This unity of husband and wife, he held, continued after the wife had obtained a divorce but not after she had remarried. However, since the theory did not rest upon the husband's obligation to support his family, but rested rather upon the technical common-law unity of husband and wife, Surrogate FOLEY refused to extend the theory to a proceeding brought by a divorced wife, after she had remarried, for the support of a child, where the divorce decree made no provision for the child's support (*Matter of Byrne,* N. Y. L. J., June 24, 1939, p. 2931, col. 1, affd. without opinion 258 App. Div. 874). Subsequently, the divorce decree was modified so as to provide for the support of the child and Surrogate FOLEY then granted the application and directed the payment of a part of the trust income to the former wife for the child (*Matter of Byrne,* N. Y. L. J., Oct. 25, 1940, p. 1253, col. 5). The *Byrne* case was thus brought within the category of cases which we have designated as the third class in the enumeration above. It therefore appears that, even under Surrogate FOLEY's view, the petition in this case could not be sustained, since the application is one for the support of a child and no New York decree providing for such support has been obtained.

In any event, notwithstanding the great deference which is rightly accorded to the views of Surrogate FOLEY with respect to any question in the field of trusts and estates, we believe that, in the interest of orderly administration, the right of any member of the family to obtain a direct allocation of trust income

should be limited to the three categories established by the reported cases. In cases falling outside the three categories, we prefer to hold that no member of the family may maintain a direct proceeding against the trustee, rather than to adopt a distinction based upon the unrealistic and outmoded " unity " theory, which would allow such a proceeding for the support of the wife but would reject it on behalf of the children. There is, in our opinion, no power on the part of the courts, under the present statutes, to direct a trustee to pay part of the income of a trust to any member of the beneficiary's family for his or her support, unless (1) the family is expressly or impliedly designated as an additional beneficiary of the trust; (2) the named beneficiary has assigned a part of the income for the support of the family; or (3) a valid decree for the support of the family has been granted by the courts of this State or, in cases coming within the statute, by the courts of a sister State.

We need hardly add that we are here considering a continuing direction for the payment of future support out of the income of a trust. With respect to past-due installments, the situation is a very different one. The petitioner may obtain a judgment for any unpaid past-due installments and may reach the income of the trust by appropriate proceedings for the enforcement of the judgment (Civ. Prac. Act, § 1171-b; *Mitchell* v. *Mitchell,* 194 Misc. 73; Civ. Prac. Act, §§ 684, 792, 793).

The order dismissing the proceeding should be affirmed, without costs.

BERGAN, J. P., COON, IMRIE and ZELLER, JJ., concur.

Order affirmed, without costs. [See *post,* p. 845.]