Joseph A. Cox, S.
This proceeding has been instituted by the wife of the primary income beneficiary of a trust to compel the trustees to recognize an assignment of income of the trust, which assignment was made as part of a settlement of the marital difficulties of the petitioner and the income beneficiary. In that connection a separation agreement was entered into under which the husband delivered a deed of the family residence and the wife transferred certain property interests to bim and also delivered a second mortgage on the residence. The agreement provided that the petitioner would support herself and would maintain, care for and educate the three minor children of the marriage consistent with the payments provided to be made by the husband who agreed that he would assign 21% of the trust income to his wife, 20% to her as guardian of one son and 10% to her as guardian for the benefit of each of the two other children. The husband complied with the separation agreement in this respect and duly delivered an assignment to the testamentary trustees. It appears that he is most anxious to meet his obligations and in furtherance of this position he has expressed his consent to the instant application.
For obvious reasons, the attitude of this court is that every proper effort should be exerted to the end that the amicable agreement of the parties to the marriage be complied with and that the interests of the infants, fully recognized by their parents, be protected. Certainly when the parties to the marriage, despite their previous differences, are endeavoring to meet their respective obligations, obstacles should not be injected in their path.
The facts have been fully developed at a hearing and the court is of the firm opinion that this application is squarely within the rulings made in Matter of Yard (116 Misc. 19) and Matter of Littauer (285 App. Div. 95) and the testamentary trustees will be authorized and directed to pay to the petitioner *580 so much of the annual trust income, up to 61% of the total thereof, which, but for the assignment, would be payable to Edward N. Plaut.
The opposition of the testamentary trustees is based upon the fact that the will confers upon them a discretionary power to apply income otherwise payable to Edward N. Plaut for the support and maintenance of his minor children. Obviously the father could assign only income to which he would be entitled and the trustees have discretion to control the amount of income payable to him but the alternatives of the trustees are to pay the father or to apply income for his children. Presumably the trustees are not desirous of interfering with the existing plan under the separation agreement which has as its principal purpose the care of these children and undoubtedly the trustees would not be inclined to superimpose their wisdom upon the considered judgments of the parents. The trustees may conclude in the future that the then requirements of the infants constitute a basis for applying the unassigned 39% of income to their needs or the trustees even may determine to assume direct responsibility for a greater share of the infants’ support and, accordingly, reduce the payments to the father in order to accomplish that end. Until the time shall have arrived when the trustees shall reach the latter conclusion there would seem to be no occasion for their concern about the discretionary power granted by the will but, irrespective of future events, the decree to be made herein will provide the trustees with all the protection they may require in making payment of 61% of the income to the petitioner.
The court makes no present determination as to the allowance of counsel fees but application therefor may be made at the time of the settlement of the decree.
Submit decree on notice.