Joseph A. Cox, S.
This application is made to require the trustees of a trust created by the testator’s will to pay the *119 income of such trust pursuant to an assignment executed by the income beneficiary. The petitioner for this relief is the wife of the income beneficiary and the assignment was made in connection with an action instituted by the wife against her husband and as an adjustment of the husband’s obligation to support his wife and children. The assignment is in fact part of a separation agreement.
This situation is not novel and the applicable law has been stated in a number of judicial decisions including Matter of Littauer (285 App. Div. 95); Matter of Newman (17 Misc 2d 578) and Matter of Yard (116 Misc. 19). The cited decisions are authorities for the fact that enforcement of this assignment would not contravene section 15 of the Personal Property Law, and the further fact that the trustees will be protected by a judicial direction to them that the assignment be recognized.
The trustees raise a question as to the identity of the assignee and it does seem that the assignment is somewhat vague in this respect. The instrument designates an individual and a firm of attorneys as the payees under the assignment, in a trust capacity, and permits such payees to be changed by written designation in a manner prescribed in the instrument. Accordingly the trustee will be required to recognize the assignment and comply therewith only after a particular individual or individuals, rather than an unincorporated firm, shall be designated as payee or payees pursuant to the terms of the agreement.
The trustees also raise a question as to whether the agreement can be regarded as one for support and maintenance if it is the fact that the assigned amounts may be used by the payee-trustee for the payment of bills incurred for luxuries as distinguished from usual living expenses. This question could require further exploration of the facts were the assignment intended as solely for the benefit of the wife and children of the beneficiary but the terms of the agreement, of which the assignment is only a part, plainly state that specific sums are to be paid for such support and maintenance, irrespective of the assignment, that the assignment is to be availed of to meet such commitments, if necessary, and thereafter assigned income may be paid to the wife to permit her to meet certain joint obligations which she may be required to satisfy by threat of suit and any balance to be paid to the husband. In short the assignment has two purposes of which the primary one is to secure payment of the stipulated amounts for support and maintenance and the secondary one is to pay the balance to a trustee for the husband. Insofar as the assignment is one for support and maintenance, it is valid by reason of its purpose *120 and insofar as it is to pay income to a trustee or agent of the beneficiary it is the equivalent of payment to the beneficiary directly. The assignment is not one to creditors of the beneficiary but to a trustee whose authority, except for the payment of any balance due on the joint Federal income tax return of the husband and wife, is restricted to payments to the wife and to the beneficiary himself.
The application is granted as heretofore indicated. Included in this application is a request for attorney’s fees but the amount of such requested fees is not stated, all the parties affected by such a fee are not before the court and it is extremely doubtful that there is basis for the allowance of any fee. The request for a fee is denied without prejudice to an application pursuant to section 231-a of the Surrogate’s Court Act.