S. Samuel Di Falco, S.
This is an application by the former wife of an income beneficiary to compel the trustees of his father’s estate to make certain payments to her pursuant to a separation agreement executed on April 5, 1956 and to compel the income beneficiary to execute an assignment to her of his interest in accordance with the separation agreement. In paragraph 3(e) of the separation agreement Robert Goelet, Jr. stipulated that if he should receive or be entitled to receive directly or indirectly from his father by gift, legacy or otherwise, any principal or income, he would pay over to the petitioner 10% thereof until he shall have paid $25,000 and would pay 5% of any additional sums. He also agreed that, upon the death of his father, he would provide annual statements to the petitioner showing all property received by him which is subject to the provisions of said paragraph 3(e). He further consented in paragraph 3(f) that if he acquired any assignable interest in the property mentioned in paragraph 3(e) he would, at petitioner’s request, execute, acknowledge and deliver to her an *574 unconditional assignment .of the percentages mentioned, as additional .security for the payments to be made under paragraph 3(e). '
Testator died on February 6, 1966. His will was admitted to probate on February 23, 1966 and letters testamentary and letters of trusteeship issued. In paragraph Ninth of his will, testator created a trust of his residuary estate with a portion of the income thereof payable to his son, Robert Gloelet, Jr., for life. The executors and trustees are parties to this application. They and the income beneficiary challenge the jurisdiction of this court to determine the application. They contend that the petitioner must first proceed in the Supreme Court to enforce her rights under the separation agreement. They rely on Matter of Littauer (285 App. Div. 95, mot. for lv. to app. den. 308 N. Y. 1052), and cited in Matter of Knauth (12 N Y 2d 259). Counsel have stipulated that the application be decided by the court without a hearing. Counsel for the executors and trustees have stipulated that in the event of a determination in favor of the petitioner, they will furnish her counsel with all information concerning payments made by the executors to Robert Groelet, Jr.
The court determines that it has jurisdiction. In Matter of Yard (116 Misc. 19) Surrogate Foley held that where a separation agreement makes specific provision for the payment of one half of the husband’s interest in a certain trust fund created by the will of his mother for the support and maintenance of his wife, the Surrogate’s Court under the equity powers granted to it has complete jurisdiction to entertain an application by the wife for the payment to her of one half of the income bequeathed to her husband, and such application will be granted. The Surrogate stated (pp. 22-23): “But the husband here asserts that this court cannot direct payment of one-half of the income, and that she should be remitted to the Supreme Court for her relief; that she should be compelled to reduce her claim for the unpaid allowance to judgment, to exhaust her remedies at law as a judgment creditor and thereafter to bring action in equity for the payment by the trustee, who is now a party before this court. I do not agree with this litigious contention. This court cannot allow the husband to repudiate a written contract directing payment of his trust income for the support of his wife, nor will it permit unnecessary litigation, burdensome to the parties, to the estate and to another court, where its own powers are complete. The Surrogate’s Court has express powers to control the conduct and powers of trustees, and particularly to enforce the payment of legacies and delivery of *575 moneys by trustees belonging to the fund. The separation agreement is not an alienation of income which is prohibited by statute. It is merely a direction for payment of part of his income, under the legal and moral liability of the husband to the wife. The unity of the parties enables her to bring this proceeding in his right and places her exactly in the same position that he occupies.”
Surrogate Foley’s comparison of the direction in a decree for alimony and the amount allowed in a separation agreement whereby ‘1 the husband consents to the allowance, thereby recognizing the duty to provide and the reasonableness of the amount fixed ” is quoted in Matter of Knauth (supra).
In Matter of Boissevain (40 Misc 2d 237) this court ruled that a separation agreement constituted a valid equitable assignment of part of the income due to a beneficiary, and that an assignment for such purposes is not forbidden by section 15 of the Personal Property Law (see, also, Matter of Knauth, supra ; Matter of Bellamore, 27 Misc 2d 118; cf. Matter of Newman, 17 Misc 2d 578).
Matter of Littauer (285 App. Div. 95, supra) is not applicable to the situation presented herein because in that case the petitioner was seeking to enforce a decree of divorce obtained in Cuba which directed the income beneficiary, her former husband, to pay a fixed amount for the support of their child. The court affirmed the dismissal of the application by the Surrogate for lack of jurisdiction and power. It stated that a sequestration proceeding, under then section 1171 of the Civil Practice Act, was not available to enforce a divorce decree obtained in a foreign country. 1 ‘ For the same reason, a wife is not entitled to obtain from the courts of this State a direction to the trustee of a trust, of which the husband is the beneficiary, to pay alimony or support in accordance with a foreign decree. Such a direction would give the wife a remedy which she could not have obtained either under the sequestration statute or by a suit in equity and to which, under the public policy of this State, she was not entitled upon the basis of the foreign decree.” (p. 99).
It was stated in Matter of Knauth (supra, pp. 263-264) that “ an assignment of trust income for the support of wife and children, far from violating the policy or the spirit of the rule [prohibiting the transfer of income from a spendthrift trust], actually tends to effect its purpose. (See Matter of Littauer, 285 App. Div. 95, 98, motion for leave to appeal den. 308 N. Y. 1052; Matter of Yard, 116 Misc. 19; Matter of Bellamore, 27 Misc 2d 118; see, also, Griswold, Spendthrift Trusts [2d ed.], *576 § 338; Restatement, Trusts, 2d, § 157, comment g.) ” In order to carry out the intent and purpose of the separation agreement to provide a certain percentage of the beneficiary’s income for his former wife, the court directs the beneficiary to execute an assignment in accordance with the request contained in the petition. The application is therefore granted.