1836.

Fitzburgh
v.
Everingham,

---

## FITZBURGH vs. EVERINGHAM.

The answer or affidavit of the defendant in a creditor's bill, that he has not property to the amount of $100, is not a full defence to the suit; nor is it a sufficient reason for refusing to appoint a receiver.

Upon the usual order on a creditor's bill to appoint a receiver, and for the defendant to deliver over to such receiver his property and effects on oath, the defendant is only bound to answer such interrogatories as relate to the subject of the proceeding before the master.

THIS case came before the chancellor upon an appeal, by the defendant, from an order of the vice chancellor of the first circuit, for the appointment of a receiver upon a creditor's bill. Upon the hearing of the motion before the vice chancellor, the defendant made an affidavit that he had not $100 in property over and above prior just claims thereon. The order for the appointment of the receiver was in the usual form, requiring the defendant to assign and deliver over his property on oath before the master.

April 5.

*T. Fessenden*, for the appellant.

*H. Holden*, for the respondent.

THE CHANCELLOR.   The bill in this case is sworn to by the complainant and shows a matter in controversy between the parties exceeding one hundred dollars, which is sufficient to give the court jurisdiction to appoint a receiver of such property as the defendant has, although he swears it does not amount to that sum.   And if the complainant should not succeed in recovering the whole amount of his claim, he may have a decree for a part; although he may have to pay costs to the defendant, if he fails to show that the whole amount of property to which he is entitled exceeds $100.   (*Smetz* v. *Williams*, 4 *Paige's Rep.* 364.) The affiidavit of the defendant that he has not $100 in property is therefore no defence to the suit, or to this application; as a receiver may be necessary to collect and preserve the property pending the litigation, although it should not amount to half that sum.   In cases of this kind, as the defendant is enjoined from interfering with the property himself, he can have no honest motive in resisting the appointment of a receiver.   For if he has property, it is for his interest that it should be preserved during the litigation; and if he has none, there will be nothing for the receiver to do, and the complainant must pay the costs of the appointment.

The defendant is under a mistake in supposing that the master, upon the order to appoint a receiver, is to try the whole matter in litigation between the parties.   He may indeed make inquiries of the defendant under oath, as to the property in his possession, or under his control, for the purpose of-seeing whether it is all delivered over to the receiver; and he may also examine witnesses for the purpose of ascertaining whether there is any property in the hands of other persons, to which the receiver is entitled under the order, to enable the receiver to take the necessary steps to recover such property from the persons in whose possession

1836.

Fitzburgh
v.
Everingham.

it is ; but the defendant cannot be required by the master to deliver up property which, upon his oath, he declares is not in his possession or under his control.

I have understood that some abuses have occurred under these orders for a defendant to deliver over his property on oath. But if the master permits the interrogatories to extend beyond the legitimate purpose of obtaining a delivery of the property which the defendant has a right to control, the proper course is to bring the question before the court by an appeal from the master's decision. If the investigation is properly conducted by the master, no honest defendant can be injured thereby; and public policy requires that such a course should be pursued, that fraudulent debtors cannot succeed in covering their property from their creditors by a mere general affidavit that they have nothing.

The objection to the order of the vice chancellor, that it requires the defendant to deliver over the property which is by law exempt from execution, and also the earnings of the defendant subsequent to the filing of the bill, would be valid if such a construction could be given to the order. It is sufficient to say the order is in the usual form, which was adopted long since, and I am not aware that any master has ever given such a construction to the order. If the defendant has really any apprehensions that such a construction will be given to this order, he may have it modified in this respect so as to preclude the possibility of such a construction being given to it. But in all other respects the order appealed from must be affirmed, with costs ; and the proceedings are to be remitted to the vice chancellor, so that the order for the appointment of the receiver may be carried into full effect.