## HOAGLAND v. LEASK et al.

(Supreme Court, Appellate Division, First Department. December 13, 1912.)

**1. DIVORCE (§ 274\*)—ALIMONY—JUDGMENTS.**

Where the court has jurisdiction of both parties, it may by its decree subject a trust estate of a husband, in the absence of objection by him, to the payment of alimony, though he had no power to assign or transfer future income, by apportioning a stated amount of the income to the wife, so that her rights will attach as it accrues.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 748; Dec. Dig. § 274.\*]

**2. DIVORCE (§ 274\*)—ALIMONY—JUDGMENTS.**

Where the income of a trust estate belonging to a husband was subjected to the payment of alimony, the decree may be enforced against the trustees, the husband having left the jurisdiction; the order requiring them to pay the income to the wife being an absolute protection.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 748; Dec. Dig. § 274.\*]

**3. DIVORCE (§ 274\*)—EFFECT OF ASSIGNMENT.**

An assignee of the cestui que trust can take no greater rights in the accumulated income than his assignor; hence the assignee of a husband, whose interest in a trust fund was subjected to the payment of alimony, has no superior rights in the accumulated income to those of the husband.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 748; Dec. Dig. § 274.\*]

Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by Caroline A. Hoagland against George Leask and others, as trustees under the will of Hudson Hoagland, deceased, and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and judgment directed for plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Joseph W. Middlebrook, of New York City, for appellant.

J. Hampden Dougherty, of New York City, for respondents Leask and others.

Henry W. Baird, of New York City, for respondent Batchis.

INGRAHAM, P. J. The judgment appealed from was entered upon a decision of the court at Special Term, and plaintiff appeals from the judgment so entered, upon the decision; no case having been made. The facts, therefore, are not in dispute.

The court found that Hudson Hoagland died on January 30, 1904, leaving a last will and testament, which was duly admitted to probate; that said will gave to the executors in trust the sum of $25,000 to pay the income thereof to Charles F. Hoagland during his life, and upon his death to pay the principal of the said sum to his children, with a further provision that, in the event of the death of the said Charles F. Hoagland leaving no children surviving him, the said sum of $25,-

\*For other cases, see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

000 should become a part of the residuary estate; that the said trustees are now in possession of that trust, administering it as provided by the said will; that on or about February 21, 1887, the plaintiff and the said Charles F. Hoagland became husband and wife, but prior to the year 1905 they had separated, and plaintiff had commenced an action of divorce against the said Charles F. Hoagland in the Supreme Court of this state; and that on or about April 18, 1905, a final judgment in that action was entered, granting the plaintiff a divorce from the said Charles F. Hoagland, her husband. The said Charles F. Hoagland duly appeared in that action by attorney, and on his consent the action was referred to a referee, who made his report in favor of the plaintiff on the 12th day of January, 1905; that upon this report an interlocutory judgment was entered on January 12, 1905, granting the said divorce, and on April 18, 1905, on notice to the defendant Charles F. Hoagland, a final judgment of divorce was entered. By that final judgment the marriage between the plaintiff and the defendant Charles F. Hoagland was dissolved, and it was provided that the defendant Charles F. Hoagland pay to the plaintiff the sum of $8 per week in quarterly payments for the support and maintenance of the plaintiff, and that sum be chargeable upon and payable out of the income of a certain trust fund held for Charles F. Hoagland, the defendant, by the executors and trustees of and under the last will and testament of Hudson Hoagland, deceased. It was further decreed that the defendant Charles F. Hoagland make, execute, and deliver to the plaintiff and to the executors and trustees any and all necessary and proper papers, instruments, and vouchers to enable and warrant said executors and trustees to make such payments to the plaintiff out of the income of the said trust fund.

The court further found that the decision, interlocutory judgment, and final judgment of the Supreme Court were duly filed and are now on file in the office of the clerk of Niagara county, in this state; that subsequently the said Charles F. Hoagland observed and obeyed the directions of the said final judgment of divorce directing the payment of said alimony out of the interest of the said trust fund for a period of about three years, the last payment having been on or about April 7, 1908; that the said payments were made by means of checks drawn by the trustees to the order of the defendant Charles F. Hoagland, indorsed by him, and delivered to the plaintiff; that no alimony has been paid since April 5, 1908; that when the semiannual income accrued upon said trust fund October 6, 1908, the defendant trustees drew a check for the sum of $208, being a sum equal to the amount of six months' alimony, to the order of the said Charles F. Hoagland, and presented such check to him, and the said Charles F. Hoagland refused to indorse said check, since which time he has refused to indorse similar checks drawn upon the semiannual income of the said trust fund, and that the said defendant trustees have retained the said checks, and now have in their hands the amount of cash represented by said checks, namely, the sum of $1,248; that the plaintiff has demanded from said defendant trustees the payment of the said amount, and that the sum of $208 be paid to her semiannually

out of the said income of the said trust fund; that the said defendants have refused to make such payment; that the plaintiff has demanded of the defendant Charles F. Hoagland that he indorse said checks and execute the papers necessary for or required by the said trustees in order to permit the payment of the said alimony to the plaintiff by said trustees, but that he has refused to do so, and that the trustees have in their hands the further sum of $500, representing the accumulation of said trust fund; that, although the final decree has expressly forbidden the said Charles F. Hoagland to remarry, he has since April 18, 1905, married a woman other than the plaintiff, with whom he is now living; that since that time Charles F. Hoagland has removed from this state and has kept himself without the jurisdiction of this court; that the said Charles F. Hoagland has no property within this state, other than the income of the said trust fund and his interest in the estate of Hudson Hoagland, and since October 6, 1908, the defendant Charles F. Hoagland has failed to comply with the provisions of this final judgment of divorce, and has paid no part of the alimony due to the plaintiff since that time; that the provision for the payment of the said alimony out of the income of the said trust fund was made with the consent and knowledge of the defendant Charles F. Hoagland and his attorney; that the annual income of the said trust fund is about $900, and that no appeal was taken from said final judgment of divorce, nor has the same been modified in any way; that the defendant Batchis claims to be entitled to collect and receive of said sum the sum of $1,248 from the said defendant trustees by virtue of some assignment thereof claimed to have been executed by the defendant Charles F. Hoagland, and commenced an action at law, which is now pending in this court, to recover the said sum of $1,248; that the defendant Charles F. Hoagland has assigned to various persons his interest as residuary legatee under the will of the said Hudson Hoagland, deceased, and is financially irresponsible.

And as a conclusion of law the court found that plaintiff had established no claim whatever to or lien upon or interest in the income of the said trust fund, and is not entitled to any part thereof, and directing judgment for the defendants.

It thus appears that, prior to the death of Hudson Hoagland and the institution of this trust for the benefit of Charles F. Hoagland, the plaintiff and Charles F. Hoagland were married, and by such marriage the defendant Charles F. Hoagland assumed the obligation to support the plaintiff as his wife, and that obligation was in existence on the creation of this trust. Subsequent to the creation of the trust, this action of divorce was commenced, and the plaintiff obtained a divorce from the defendant, and the extent of the obligation of Charles F. Hoagland, which he had assumed on his marriage with the plaintiff, was settled by that decree, the amount of alimony to be paid by Charles F. Hoagland was fixed and determined, and the source from which such alimony was to be derived was also determined by the court. The court had jurisdiction of the subject-matter, and had jurisdiction over the persons of the parties to this marriage. It made a final decree, by which, as it became due, the income to which defend-

ant Charles F. Hoagland was entitled under this trust fund was apportioned in the sum of $416, to be paid each year to the plaintiff in discharge of the obligation assumed by Charles F. Hoagland for the support of his wife.

[1] We will assume that Charles F. Hoagland would have no power to assign or transfer his future income from the trust fund, and it may be that such a direction as that contained in the judgment of divorce apportioning the income from this trust fund, and requiring the defendant Hoagland and the trustees to pay to the plaintiff a sum of money each year out of such income existing, should not have been inserted in the judgment, if the defendant Charles F. Hoagland had objected to it. The court, however, had jurisdiction to determine the amount of alimony to be paid to her, and had jurisdiction to make any decree to insure the payment of such alimony. It made a judgment, on the consent of the said Charles F. Hoagland, which attached to the income of the trust fund when it became due and payable to him, and that decree was not only entered on his consent, but since that time has not been attacked, either by appeal or in any other way. The Hoagland trustees were not parties to that action, and the effect of the decree could not bind the trustees in any way until the income of the estate in their hands became due and payable under the trust to Charles F. Hoagland. But the decree itself was binding upon Hoagland, and it attached to each installment of the income as it became due and payable by the trustees to Hoagland, and the plaintiff was entitled to enforce that decree as against Hoagland and his right to receive the income of the trust fund.

It is now settled in this state that the Supreme Court has jurisdiction to reach the income of trust property, held for the benefit of a husband, in favor of a wife who has obtained a divorce, to satisfy the provisions of such decree requiring the payment of alimony. Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752. In that case the plaintiff had obtained a decree of divorce against the defendant, which provided for the payment of alimony. The defendant in that case, as in this, was the beneficiary of a trust fund, the income of which was payable to him. He left the jurisdiction of the court, refused to pay the alimony directed, and after the usual sequestration proceedings had been had, without result, an action in equity was commenced in the Supreme Court to reach the income of the trust fund as it became due, and have it applied to the payment of the alimony directed to be paid to the plaintiff in the action. The jurisdiction of the court to reach the income of the trust fund as it became due for the payment of the alimony was sustained, and a judgment was entered requiring the trustees to pay to the wife the income of the trust fund, so far as it was necessary to discharge the husband's obligation to pay for the support of his wife. The trustees, who were parties to the action in equity, raised in that case, as the defendants do in this, the question as to the power of the court to appropriate the income from a trust fund for the payment of the obligations of a beneficiary. The power of the court was sustained (8 Misc. Rep. 51, 28 N. Y. Supp. 377), and

the judgment was affirmed by the General Term and the Court of Appeals (149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752). In the Court of Appeals it was said:

"The will creating the trust for the benefit of William makes no mention of his wife. And yet, owing to their unity of person and his duty to support her, equity will not permit the interposition of creditors until there is a surplus over and above that which is necessary for the support of himself, his wife, and infant children. * * * The judgment requires the trustee to pay over, not only the surplus accumulated, but that which shall hereafter accrue, in satisfaction of the plaintiff's allowance for alimony. We do not think the court exceeded its powers in this respect, or that the judgment operates to annul the trust. To hold that a separate action must be brought as each annual or semiannual payment accrued, would be burdensome and unnecessary."

And this decision has been uniformly followed by the courts of this state and has never been questioned. It is true that in that case the judgment was based upon the sequestration proceedings provided by law and the inability to procure any payment of alimony except from the trust estate; but such sequestration proceedings are here rendered unnecessary by the fact that the court in the divorce action, in the exercise of its undoubted jurisdiction, adjudged that this alimony should be paid out of the income of the estate, and thus, by its judgment of divorce, sequestrated, as it were, the income of the estate as it became due for the payment of the alimony therein provided. This judgment, as before stated, was entered in an action to which the beneficiary of the trust fund was a party and with his express consent. I think there can be no question but that this judgment was binding upon the beneficiary of the trust fund, and upon each installment of the income from the trust estate becoming payable the provisions of the judgment attached to it, so that, as between the parties to this action, the plaintiff became entitled to receive from the trustees the amount provided in the judgment without any consent or acquiescence from the beneficiary. The judgment having been served upon the trustees, they were bound to take notice of its provisions, and to apply the income after it had become due and payable to the beneficiary as provided in the judgment. As was said in the Wetmore Case:

"The court is not asked to interfere in any way with the trust, or to do any act that would tend to destroy it. It does not anticipate the income from the trust fund, but simply takes hold of the interest of the defendant W. B. Wetmore as it accrues, and provides that that interest shall be applied to the payment of the obligation of said Wetmore as long as he refuses to comply with the judgment of the court." 8 Misc. Rep. 56, 28 N. Y. Supp. 380.

[2, 3] The court, by the divorce judgment, as between the plaintiff and the defendant Charles F. Hoagland, has ascertained and determined the amount that should be paid by Charles F. Hoagland for the support of his wife. It has provided that that payment should be made out of the income of the trust fund, which should be applied for that purpose as it became due, and Charles F. Hoagland having refused to comply with the judgment, and having withdrawn himself from this state and the jurisdiction of the court, leaving no money or property in this state by which the judgment can be enforced, the

court in this action is asked to enforce the mandatory provisions of the judgment, and to make it effective by decree that out of the income of the trust property as it became due the trustees shall pay to the plaintiff the amount that this judgment directed. The trustees will be absolutely protected in following this judgment, as the defendant Batchis, who is the claimant of this reserved income, merely claims as an assignee of Charles F. Hoagland, who was bound by the judgment; and the assignee can take no greater rights in this accumulated income than Charles F. Hoagland, who is also a defendant. It seems to me, therefore, that the court below was in error in refusing to enter a judgment for the plaintiff upon the facts found.

It follows that the judgment appealed from should be reversed, and judgment directed for the plaintiff as prayed for, with costs to the plaintiff in all courts against the defendants Charles F. Hoagland and Edmund Batchis.

McLAUGHLIN, CLARKE, and SCOTT, JJ., concur.

DOWLING, J. (dissenting). I believe that the case of Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752, is clearly distinguishable from the case at bar, for that was a judgment creditor's action, and was sustained as such, and it was alleged and proved therein that the wife had exhausted all her legal remedies to obtain payment before resorting to a suit in equity. The case at bar proceeds upon no such theory. The interest of a cestui que trust of a fund such as the one in question is inalienable (Laws 1909, c. 45, § 15; Stringer v. Young, 191 N. Y. 157, 83 N. E. 690) and an assignment or trust forbidden and void cannot be validated by a judgment, with or without the consent of the parties (Douglas v. Cruger, 80 N. Y. 15); nor can any consent or agreement between the parties give to a judgment any greater effect than the law gives to it (Lanning v. Carpenter, 48 N. Y. 408). I believe, therefore, that the judgment appealed from should be affirmed, with costs.