FLORENCE K. SCOTT, Appellant, *v.* GRAHAM SCOTT, Respondent.

First Department, February 18, 1927.

**Husband and wife — separation — alimony — sequestration of property of defendant and appointment of receiver to collect alimony — facts justify sequestration order and appointment of receiver — payment of accrued alimony, pending proceedings, will not defeat plaintiff's right — future income from trust fund may be sequestered — defendant has no place for regular transaction of business — notice was sent to him by registered mail, addressed to house where he sometimes resorted — court acquired jurisdiction.**

The plaintiff is entitled to an order sequestering the property of the defendant, consisting of an income from trust funds, and the appointment of a receiver to collect alimony awarded to her, for it appears that the defendant has been delinquent continuously since the alimony was awarded and that the plaintiff has been required at various times to begin proceedings to collect the alimony. The fact that the defendant paid the accrued alimony pending the present proceedings, does not defeat the plaintiff's right to have his property sequestered and a receiver appointed.

Future income from a trust fund may be sequestered and an anticipatory order may be entered appointing a receiver to pay it over.

The defendant's contention that the court did not acquire jurisdiction, since notice was not served upon him, is without force, since it appears that he had no regular place for the transaction of business and that notice was given him by sending the order to show cause by registered mail, addressed to him at a house where it was shown he at times resorted. Furthermore, the defendant appeared and opposed the motion and the court thereby obtained jurisdiction.

APPEAL by the plaintiff, Florence K. Scott, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of December, 1926, denying plaintiff's motion for sequestration and the appointment of a receiver to collect alimony.

*A. Walker Otis* of counsel [*Otis & Otis*, attorneys], for the appellant.

*John B. Warner* of counsel [*Miller & Warner*, attorneys], for the respondent.

McAVOY, J. The order now here denied a motion for sequestration of property of defendant and the appointment of a receiver to collect the alimony awarded in a judgment of separation rendered in favor of plaintiff at the rate of $350 per month which was allowed for the support of plaintiff and her two infant daughters aged now fourteen and nineteen.

The defendant receives an annual income from two trusts under the wills of his parents. The Farmers' Loan and Trust Company

is the trustee thereunder. The net income from these trusts is between $7,500 and $8,000 per annum. The defendant has been delinquent in paying alimony since its award. During the early part of 1925 he fell behind from five to sixteen days in monthly payments. During the latter part of 1925 he was thirteen to forty-nine days in default. In 1926 he was one hundred and forty-five days in default in his payments.

The defendant does not appear to have any place for the regular transaction of business in person.

For two years the plaintiff has had at various times to begin proceedings to get the alimony. On two occasions she had to retain counsel to institute contempt proceedings, and on two occasions she has made motions for a receiver. Although defendant paid the accrued alimony while this motion was pending, we think that the right of plaintiff accrued and that at the time of the application this was a proper case for the sequestration of defendant's property, because of his continued delinquencies in prompt payment which remedy he may not avoid by payment under successive proceedings designed for compulsion of obedience, else the effect of the offered remedy would be thwarted. There is proof too that he was not available when process was sought to be served upon him in efforts to compel him to meet the obligations of the judgment.

Defendant's legal opposition to the order was that the sequestration of the trust fund could not be had because the income had not accrued at the time of the receiver's appointment, and that no order can be made for sequestrating property without notice to the defendant.

We decided, however, in effect, in *Clark* v. *Clark* (218 App. Div. 715), affirming a Special Term decision, that future income may be sequestered and an anticipatory order may be entered appointing a receiver to pay it over. Here the order was made after notice by sending the order to show cause by registered mail to defendant at a house 110 Martense street, Brooklyn, where it was shown he at times resorted. Since the defendant appeared and opposed the motion jurisdiction was obtained to make the direction.

We think that the order should be reversed, with ten dollars costs and disbursements, and the motion to sequester the trust funds and appoint a receiver granted.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted. Settle order on notice.