In the Matter of the Estate of WILLIAM A. SCOTT, Deceased.

Surrogate's Court, New York County, October 10, 1928.

*Taylor, Blanc, Capron & Marsh,* for Farmers Loan and Trust Company, accounting party.

*Ottis & Ottis,* for the respondents, A. T. Scott and Eleanor D. Scott, and Charles L. Taylor, receiver of income of Graham Scott.

*A. Walker Otis,* special guardian for Anna Louise Scott and Muriel Scott.

*Harry C. Miller,* for Graham Scott, respondent.

FOLEY, S. The issues in this contested accounting proceeding will be determined as follows:

(1) The objections filed to the account are dismissed upon the merits.

(2) It has been established before me that Graham Scott, the life tenant, is required to pay the sum of $4,200 a year to his wife as alimony under a judgment of the Supreme Court, New York

county, for the support of herself and their two daughters.  Sequestration proceedings were instituted and a receiver was appointed to receive the income of the trust fund by an order of the Appellate Division, First Department, dated February 18, 1927.  (*Scott v. Scott*, 219 App. Div. 451.)  The order of the Appellate Division has not been expressly modified or amended since its entry and I hold it to be conclusive upon me in this proceeding.  It appears, however, that the plain purpose of that order was to limit the power of the receiver to the collection of the amount of alimony.  It was not intended that the additional trust income over and above this annual requirement for alimony, should be paid to the receiver, for the order of the Appellate Division was confined to the " payment of the amount due to the plaintiff under the judgment of separation."  Certainly it was not contemplated by that court that the income payable to the husband should be subjected to double administration expenses or commissions.  The parties, therefore, have been in error to that extent in the course of practice thus far pursued by them.

The situation here is very similar to that in *Wetmore v. Wetmore* (149 N. Y. 520), except that in place of the wife being the claimant, the order of the Appellate Division has substituted in her place the receiver appointed by that court.  (*Hoagland v. Leask*, 154 App. Div. 101; affd., 214 N. Y. 645.)

There can be no question that in this accounting proceeding complete jurisdiction, including comprehensive equity power, is vested in the Surrogate's Court to make a determination with respect to the division and distribution of the income of the trust, and that the trustee is legally bound by such determination. (Surr. Ct. Act, § 40; *Matter of Raymond v. Davis*, 248 N. Y. 67.) Under the circumstances here, the contention of the trustee and the husband that the surrogate may exercise his discretion and fix a lower rate of payment than the alimony awarded, must be overruled.  I have already pointed out that the order of the Appellate Division is conclusive upon the amount to be paid to the. wife. But even if any equitable discretion might be exercised by this court, the testimony of the husband before me clearly establishes that the surplus income is sufficient for the requirements of his present mode of living.

In accordance with the offer of the receiver and to save further expense to the parties, an order may be procured from the Supreme Court authorizing the payment of all future alimony out of the trust income directly to the wife, and the decree herein may contain an appropriate provision that the trustee make such payments in periodical installments.  The balance of trust income should be

paid to the husband. There should be filed in this proceeding, in order to complete our jurisdiction, a formal notice of appearance by the wife.

The account should be corrected by charging the fees of the attorneys for the trustee to principal instead of income in accordance with the instructions of the surrogate. (*Matter of Eddy*, 207 App. Div. 162; *Matter of Petremont*, 213 id. 318; affd., 241 N. Y. 586.)

Proceed accordingly with the necessary preliminary formalities and after they have been fulfilled, submit decree on notice settling the account in accordance with this decision.