LILLIE ROSENBERG, Respondent, *v.* MILTON J. ROSEN-
BERG, Defendant.

THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE
UNITED STATES et al., Appellants.

(Argued June 2, 1932; decided July 19, 1932.)

*Peter C. Mann* and *James D. Ewing* for The Equitable Life Assurance Society of the United States, appellant. The summary direction requiring the insurance company to make the payments to the receiver was in violation of the company's constitutional rights and in violation of due process of law. (*Rodman* v. *Henry*, 17 N. Y. 482; *Kenney* v. *South Shore Natural Gas & Fuel Co.*, 201 N. Y. 89; *Matter of Delaney*, 256 N. Y. 315; *People* v. *Square Deal Poultry Corp.*, 218 App. Div. 781; *Ecker* v. *Myer*, 119 Misc. Rep. 375; *Schreiber* v. *Garden*, 152 App. Div. 817.) The receiver is not entitled under the form of the policies either to the alleged cash surrender values or loan values of the policies. (*Ecker* v. *Myer*, 119 Misc. Rep. 375; *Eltonhead* v. *Travelers Ins. Co.*, 117 App. Div. 170; *Maurice* v. *Travelers Ins. Co.*, 121 Misc. Rep. 427; *Lowenstein* v. *Koch*, 165 App. Div. 760; 217 N. Y. 689; *People* v. *Square Deal Poultry Corp*, 218 App. Div. 781.)

*Samuel Gottlieb* and *Cornelius B. Chapman* for respondent. The court had jurisdiction and plenary power summarily to sequester the proceeds of the paid-up policies of insurance, and to direct the application of the funds toward the fulfillment of the obligations of the decree, of which defendant was in contempt. (*Mathews* v. *Mathews*, 240 N. Y. 28; 247 N. Y. 32; *Scott* v. *Scott*, 219 App. Div. 451; 247 N. Y. 527.) The appeal should be dismissed, since leave to review the order appealed from was not applied for nor obtained from the Appellate Division. The order made below is a discretionary and intermediate one and not appealable as of right. (*Scott* v.

v. *Scott*, 219 App. Div. 451; *New York Security & Trust Co.* v. *Saratoga Gas & Electric Light Co.*, 156 N. Y. 645; *Nod-Away Co.* v. *Carroll*, 240 N. Y. 252; *Dodge* v. *Cornelius*, 168 N. Y. 242.)

CRANE, J. On January 6, 1932, the plaintiff was appointed receiver of the personal property of the defendant Milton J. Rosenberg in sequestration proceedings, to enforce the payment of alimony ordered to be paid under a final decree of separation entered in January, 1927. This order provides " that Lillie Rosenberg be and she hereby is appointed receiver of the personal property of the defendant Milton J. Rosenberg, and she hereby is directed to take possession of the personal property of the defendant."

Thereafter the plaintiff, as receiver, moved, in the separation action, by order to show cause, dated February 3, 1932, for an order directing the Equitable Life Assurance Society of the United States — a third party, not a party to the action — to turn over and deliver to the plaintiff herein, as receiver, the cash surrender or loan value of three paid-up policies of life insurance issued upon the life of Milton J. Rosenberg, the beneficiaries under said policies being the daughters of the insured.

The application was granted, and an order made, April 6, 1932, directing said assurance society forthwith to turn over to the plaintiff, as receiver, the sum of $13,339.52 and any and all other sums representing the cash surrender or loan values of said policies, and, upon the payment of such sum, discharging the society from any further liability. This order having been affirmed by the Appellate Division, by a divided court, the Equitable has appealed to this court, as a matter of right, from a final order in a special proceeding. Although this motion was made by the receiver in the separation action, the Equitable Life Assurance Society not being a party to that action, the application takes the form of a

special proceeding, and the order of the Special Term becomes a final order, giving this court jurisdiction over the appeal. (*Gang* v. *Gang*, 253 N. Y. 356.)

Passing to the merits, we find that the order of the Special Term cannot be sustained. This is not a case where a third party has property which it concedes to belong to the debtor, and is ready and willing to give it to him or any one else entitled thereto. The Equitable appeared upon the motion in opposition and denied that there were any sums whatever due to the insured, or that the policies had any cash or surrender value. The three policies were paid-up policies, and it was and is alleged by the assurance society that, by the terms of the policies, a cash or surrender value was payable only upon a default in payment of the premiums, or upon a lapse; that, as these policies had been fully paid, the provisions relating to a surrender value had no application, as there could be no lapse or default. If we consider that the position taken by the assurance society may be open to question, we at least have the fact that the company denies any liability upon the policies and questions the debt. It denies that it has property of the judgment debtor and states that it owes him nothing. The obligations under the policies at most amount to debts or contract obligations due to the husband or to the persons representing him. The debt or obligation being denied, the controversy cannot be settled upon a motion, but only by an action, in which, under our Constitution, the assurance society would be entitled to a jury trial. The husband himself could not collect upon the policies by a summary motion or proceeding, and a receiver of his property has no better right. The company is entitled to have the terms of its policies passed upon in the usual form of action, and judgment against it rendered only after a hearing and a determination that there be an amount due to the insured. (*Kenney* v. *South Shore Natural Gas & Fuel Co.*, 201 N. Y. 89; *Matter of Delaney*, 256 N. Y. 315.)

The terms of the policies, as we read them, indicate that the position taken by the assurance society is not without merit; and that as to these paid-up policies there is no cash surrender value or loan value payable to the insured as a matter of right, there being no default in the payment of premiums or a lapse of the policies. It may be that the company has an option upon the surrender of the policies to cancel them, upon payment of certain scheduled amounts; in other words, buy the policies, but there has been no attempt to surrender these policies.

Whether this application be made under section 1171 or section 1171-a of the Civil Practice Act is immaterial. Both these sections authorize the court, in matrimonial actions, to sequestrate the property, both real and personal, of the husband, section 1171-a extending the authority to property, whether tangible or intangible, and further authorize the court to appoint a receiver to take such property into his possession and control. However broadly these sections may be interpreted, they are at least limited to property which, beyond any reasonable question, belongs to the husband. Nothing in these provisions authorizes the court, upon affidavits, to determine the title to the property or permits the collection of disputed debts by summary proceedings. It may authorize or even direct the husband's debtor to pay the amount due to the receiver, but it has no authority by such a method to adjudge the validity or the amount of an alleged debt, when the alleged debtor denies all liability.

The order of the Appellate Division and that of the Special Term should be reversed and the motion directing the insurance company to pay the surrender value of insurance policies to the plaintiff as receiver in sequestration proceedings denied, with costs in all courts.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.