In the Matter of the Estate of CHARLES G. MOLLER, Deceased.

Surrogate's Court, New York County, November 14, 1935.

*Moses Katcher*, for the petitioner.

*Uderitz & Newman* [*Donald M. Newman* of counsel], for the respondent.

*Emmet, Marvin & Martin*, for the trustee.

DELEHANTY, S. The will of deceased set up a trust for the benefit of his son. The trustee has regularly been in receipt of income exceeding $10,000 annually which heretofore it paid over to deceased's son. The son married and has as issue of that marriage twin children now thirteen years of age. By a decree of divorce dated January 8, 1934, the marriage was terminated and the custody of the children given to the mother except for one month yearly.

The former wife of deceased's son now petitions this court for a direction to the trustee to pay to her directly the income from the trust fund to the extent asked in the petition. The trustee is indifferent between the parties. The son of deceased opposes the application and asks that it be dismissed.

Considerable attention is paid by both the parties to a separation agreement which was entered into between petitioner and her husband in June, 1933, prior to the divorce decree. It is the view of the court that at least as to petitioner that agreement has no pertinence now since any rights under it were merged in the divorce decree itself. By its terms it was to be merged in that decree and whatever variance there is between the divorce decree and the agreement must be held to have been accepted by the wife so far as she was concerned when she succeeded in the divorce action. (*Babcock* v. *Babcock*, 147 Misc. 900; affd., 239 App. Div. 884; appeal dismissed, 263 N. Y. 665; *Sleicher* v. *Sleicher*, 251 id. 366).

By the judgment of divorce it was decreed that the husband should pay to his former wife $625 monthly for the support and maintenance of herself and the issue of marriage. There followed in the decree a provision that if the wife remarried all payments to her would cease upon her marriage and thenceforth the husband would have to pay to his former wife " for the support, maintenance, care and education " of his children the sum of $175 each until they attained fifteen years; and the sum of $237.50 each between the ages of fifteen and twenty-one. As stated, the children are now thirteen and hence under the divorce decree the obligation of respondent is fixed at $175 per month each or $350 per month in the aggregate. The petition alleges that an installment of $366.66 became due on June 15, 1935. This amount appears to be made up by adding to the $350 due on account of the children a sum of $16.66, which is said to be due under a modification of the separation agreement made on August 27, 1934. This so-called modification provided for payment in forty-eight installments of the sum of $800 said to be in default at that time.

The divorce decree appears to have been entered on January 8, 1934. What the parties call the modification of the separation

agreement occurred some eight months after the divorce decree had been entered and more than four months after it became finally effective. That agreement must be deemed to be an ordinary contract between the former husband and wife and cannot be made the basis for relief here.

In its other aspect the court has power to entertain this application and to act favorably upon it. (*Wetmore* v. *Wetmore*, 149 N. Y. 520; *Hoagland* v. *Leask*, 154 App. Div. 101; *Matter of Scott*, 135 Misc. 661; *Matter of Yard*, 116 id. 19.) There is no substance to the objection that the separation agreement contains no specific direction of the father of the children that the trustee pay to his former wife the amounts provided for them. The divorce decree is operative in this respect and it says: " The defendant, however, in the event that the plaintiff remarries, shall pay to the plaintiff for the support, maintenance, care and education of each of said children at the rate of." This direction that the defendant pay is an adjudication which enables this court to make the judgment effectual by giving an appropriate direction to the trustee. The cases already cited suffice to support such a decree.

There is here no showing of hardship to respondent. He, like his former wife, has married a second time. He says his income is now slightly under $10,000 per year and that he needs income for various purposes, including the support of his second wife's children. Whatever may be his duty to them, it must be subordinate to his adjudicated obligation to his own children. For the support of the latter he is bound to pay $4,200 a year. That leaves him on his own estimate over $5,000 a year for other purposes. Whatever of relief he may feel he is entitled to in reduction of the amounts payable for account of his children must be sought by him in the Supreme Court. On the showing here made this court can and should enforce the divorce decree by the only practicable method available, that is, by directing the trustee to make payment directly to petitioner.

To the extent that the petition seeks a direction to the trustee to pay the sum of $350 per month to petitioner for account of respondent's children, it is granted. So far as the petition seeks a direction respecting the payment of any sums alleged to be due as arrears under the arrangement made in August, 1934, between petitioner and respondent, the application is denied.

The decree to be entered will direct that until the further direction of the court payments of income shall be made to petitioner at the rate of $175 for each child so long as such child lives and until she attains age fifteen, and thereafter at the rate of $237.50 per month until age twenty-one. These payments are ordered under the

authority inherent in this court to effectuate the divorce decree. No ruling is now made respecting the enforcibility here of any term of the separation agreement.

The decree will be subject to such modification of the divorce decree, if any, as shall be made by the Supreme Court in the allowances for the support of respondent's children; and subject as well to the right of respondent husband to apply for modification of the decree if change in the total income of the trust shall deprive him of reasonable maintenance.

So much of the opposition to this application as is based upon provisions in the separation agreement and in the divorce decree respecting reduction in the income of respondent is without substance. Such provisions have no effect upon that portion of the divorce decree which relates to the support of the children.

Submit, on notice, decree accordingly.