CHARLOTTE RUTH FERGUSON, Respondent, *v.* ARMOUR FERGUSON, Appellant.

First Department, March 13, 1936.

*Louis B. Stillman* of counsel [*David B. Stillman* and *Herbert M. Greenberger* with him on the brief; *White & Stillman*, attorneys], for the appellant.

*Herbert W. Hall*, for the respondent.

COHN, J.   In this action for separation plaintiff was awarded the sum of thirty-five dollars per week as alimony *pendente lite*.   Defendant fell in arrears to the extent of $1,506.50, and plaintiff thereupon moved for the appointment of a receiver.   The court at Special Term, treating the application as one for sequestration of defendant's property, granted the application.

Defendant has an interest in two trust funds.   He is beneficiary of a spendthrift trust executed by his mother in the year 1919 under the terms of which the trustee is required to pay him the income derived from the property comprising the trust fund until he reaches the age of forty-five, when the principal thereof is to be delivered to him.   The defendant is now forty-four years old.

The other trust was created by defendant's mother by will. Under its terms, defendant was to receive one-fifth of the income, one-third of the principal of his share upon attaining the age of thirty years, a second third at thirty-five, and at forty, the remaining third.   The payments of principal, however, were subject to the discretion of a majority of the trustees, of whom there are six. Two-thirds of defendant's allotted share of the corpus has already been paid to him, leaving a balance of one-third still in the hands of the trustees.

The order appealed from directs the receiver, for the wife's benefit, to take, and the trustees to surrender, possession of the entire income of the two trust estates; it directs that the trustee of the spendthrift trust pay to the receiver the principal thereof on defendant's forty-fifth birthday, and that the trustees of the testamentary trust deliver to the receiver the residue of the corpus of that fund which defendant may receive when the trustees so direct.

The appellant's contention, that the income of these trusts may not be sequestered, is without merit.   Upon non-compliance with an order made *pendente lite* for the payment of alimony, the law permits sequestration of a husband's property, both real and personal, and authorizes the court to appoint a receiver to take into his possession and control such property, where it indisputably belongs to the husband.   Income of trust funds payable to a husband is his personal property and may, like any other property, be sequestered for the benefit of the wife.   (Civ. Prac. Act, § 1171; *Rosenberg* v. *Rosenberg*, 259 N. Y. 338, 342; *Moore* v. *Moore*, 208 id. 97; *Jacobson* v. *Jacobson*, 85 Misc. 253.)   The remedy is appli-

cable not only to accrued income from a trust but, in a proper case, an anticipatory order may be made sequestering future income. (*Scott* v. *Scott*, 219 App. Div. 451; appeal dismissed, 247 N. Y. 527.) Nevertheless, the provisions of the order which directed the trustees to deliver to the receiver any portion of the principal of the trust funds or any of the income derived therefrom could not in any respect bind the trustees as they were not parties to the action, nor had they, in this proceeding, submitted themselves to the jurisdiction of the court. (*Rosenberg* v. *Rosenberg, supra; Wetmore* v. *Wetmore*, 149 N. Y. 520; 162 id. 503; *Clark* v. *Clark*, 218 App. Div. 715; *Scott* v. *Scott*, 220 id. 831.) Furthermore, the court had no power to alienate the principal of the testamentary trust and thereby frustrate the expressed intention of the donor, which commanded that the principal should not be payable to the defendant except in the discretion of a majority of the trustees. (*Douglas* v. *Cruger*, 80 N. Y. 15; *Cuthbert* v. *Chauvet*, 136 id. 326, 330, 331; *Wetmore* v. *Wetmore*, 149 id. 520.)

Although the court could not compel the trustees to pay over to the receiver the income from the two trust estates it could empower the receiver to take such property into his possession. However, the clause in the order granting such power was too broad. It authorized the sequestration by the receiver of the *entire* income of both trusts. The evidence adduced at the hearings before the official referee showed that the income of the two trusts for the year ending September 24, 1935, amounted to $1,895.39. Apart from these moneys, the defendant was without present means of support. Equity will not feed the husband and starve the wife, nor will it favor the wife to the detriment of the husband. Both are entitled to support out of the income of the trust estate. (*Wetmore* v. *Wetmore*, 149 N. Y. 520, at p. 529.)

In all the circumstances, we believe that the income from these trust funds should be divided equally between husband and wife, one-half to be given to the receiver for the payment of alimony past due and as it becomes due, and the balance to be retained by the defendant for his maintenance and support. (*Weigold* v. *Weigold*, 236 App. Div. 126.) While the sums available to the wife under this arrangement will not be sufficient to pay all the temporary alimony allowed her, she may, for the default of the defendant to pay any portion thereof, pursue the further remedy sanctioned by statute. Upon such application, the court will consider the ability of the defendant to comply with its order. That the husband has enjoyed the entire income of the two trusts to the exclusion of his wife while these arrears of alimony have accumulated, furnishes no reason why the defendant should now be deprived of a fair share of the income from the trust funds for his present sustenance.

The order should be modified by authorizing the receiver appointed therein to take possession of one-half of the income of the two trust funds and to collect payments on account of principal when made, and by eliminating all directions to the trustees, and as so modified the order should be affirmed, without costs.

McAvoy, Townley and Dore, JJ., concur.

Order modified by authorizing the receiver appointed therein to take possession of one-half of the income of the two trust funds and to collect payments on account of principal when made, and by eliminating all directions to the trustees, and as so modified affirmed, without costs.