Dorothy C. Barton, Respondent, *v.* Clifford Frank Barton, Defendant.

Victor Nathan Barton, Appellant.

First Department, November 17, 1939.

*Allen E. Pusar* of counsel [*Stewart Maurice*, attorney], for the appellant.

*Aaron Lipper* of counsel [*Downey, Lipper, Shinn & Keeley*, attorneys], for the respondent.

O'Malley, J. The action was commenced by plaintiff Dorothy C. Barton against her husband, the defendant Clifford Frank Barton, for a separation. The summons and complaint were served on defendant without the jurisdiction pursuant to the provisions of section 235 of the Civil Practice Act. The defendant has not appeared or answered and is not amenable to personal service within the jurisdiction.

Thereafter the plaintiff was appointed receiver and sequestrator pursuant to section 1171-a of the Civil Practice Act and subsequently obtained an award of $700 per month temporary alimony for herself and infant child and a counsel fee of $2,500. The orders for this two-fold relief were granted on default and predicated upon service of notice without the jurisdiction by mail.

Thereafter by order to show cause in the separation action, the appellant Victor Nathan Barton, a brother of the defendant and his partner in business in this jurisdiction, was directed to give reasons why he should not produce the books of the partnership

for examination and inspection; why he should not open the safe deposit box of the partnership in the presence of the receiver; and why he should not appear for oral examination concerning the property of the defendant. The application was granted. So far as appears, no judgment has been entered.

Reversal is sought upon the ground that the court was without power to make the order appealed from. We disagree with this contention. The motion having been made in the separation action to which the appellant Victor Nathan Barton was not a party, the application took the form of a special proceeding. (*Rosenberg* v. *Rosenberg*, 259 N. Y. 338, 340, 341; *Geary* v. *Geary*, 272 id. 390, 397.) Appellant, therefore, was properly before the court, though not a party to the action. This is the effect of the holding in the two cases cited. In the first, reversal of the order directing the third party insurance company to pay the alleged surrender value of certain policies on the life of the defendant husband to the plaintiff wife, receiver in sequestration, was predicated upon the issue raised by the insurance company that there was no property in its hands to which the plaintiff was entitled. This issue, it was held, could not be determined summarily on affidavits. In *Geary* v. *Geary* (*supra*) no such issue was presented and the order directing the stranger to the action to turn over pension moneys due to defendant husband was affirmed.

It has been held that the practice under section 1171-a is properly assimilated to attachment proceedings as being similar in nature. (*Matthews* v. *Matthews*, 240 N. Y. 28, 35; 247 id. 32.) This being so, it would seem that plaintiff wife as sequestrator should have a remedy in aid of her order of sequestration similar to that afforded under section 919 of the Civil Practice Act to parties having an attachment.

The present proceeding is merely in aid of the sequestration and seeks only to discover what assets properly may be said to have been reduced to possession, tangible or intangible. It does not seek to enforce the payment of a disputed debt or other rights respecting which a trial might be necessary. The case, therefore, differs from the situation presented in *Rosenberg* v. *Rosenberg* (*supra*). Here, concededly, the defendant husband still retains some interest in the partnership.

It has long since been held that an examination of this nature is proper and lies within " the inherent power " of the court. This was the view of CULLEN, J., in *Mathushek Piano Mfg. Co.* v. *Pearce* (79 Hun, 417). This procedure was but the old practice in chancery before the master as to persons properly before the court. (*Fitzburgh* v. *Everingham*, 6 Paige, 29; 1 Clark, The Law of

Receivers, §§ 539–541, pp. 610–611.) Here, as already stated, the appellant Victor Nathan Barton was properly brought before the court.

It follows, therefore, that the order appealed from should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., and GLENNON, J., concur; TOWNLEY and UNTERMYER, JJ., dissent and vote to reverse and deny the motion.

UNTERMYER, J. (dissenting). The question presented by this appeal is whether a receiver or sequestrator in a matrimonial action shall have the right to examine persons, who have not been made parties to the proceeding by any order of the court, to ascertain whether they have in their possession property belonging to the husband and for that purpose to require the production of books and papers and the opening of safe deposit boxes. Such a power constitutes, it seems to me, a substantial extension of any which has heretofore been exercised in respect to persons against whom no action or special proceeding has been instituted.

The present case should be distinguished from decisions which have held that a proceeding instituted against third persons to recover property for the benefit of a receiver or sequestrator constitutes a special proceeding in the matrimonial action. (*Matthews* v. *Matthews*, 240 N. Y. 28; *Geary* v. *Geary*, 272 id. 390; *Rosenberg* v. *Rosenberg*, 259 id. 338.) Nor should it be confused with decisions which sustain the right of the receiver to examine persons who in this manner have been made parties to the action, concerning assets of the defendant believed to be in their possession. (*Mathushek Piano Mfg. Co.* v. *Pearce*, 79 Hun, 417; *Fitzburgh* v. *Everingham*, 6 Paige, 29:)

In the present case no proceeding has been instituted against the appellant who, it is suspected, is in possession of assets of the defendant. He is not a defendant in any action. He is not a respondent in any special proceeding directed against him. Until such a proceeding is initiated by the receiver, the appellant remains, like all others, a stranger to the action, who ought not to be subjected to examinations and whose private affairs should be protected against invasion except upon the clearest statutory authority. Whenever the Legislature has intended to confer such a power it has said so in plain terms. The power is granted by section 919 of the Civil Practice Act when the third party has refused to give a certificate to the sheriff of property of the judgment debtor or the certificate given is believed to be false. The receiver of a corporation, likewise, has such power, though it is carefully restricted, under section 170 of the General Corporation Law. In the case

of the receiver or sequestrator in a matrimonial action, the power has not been granted and ought not to be implied.

The order should be reversed and the motion denied.

TOWNLEY, J., concurs.

Order affirmed, with twenty dollars costs and disbursements. The date for the examination to proceed to be fixed in the order. Settle order on notice.