Wilfred A. Waltemade, J.
In this action for a separation, the plaintiff wife obtained an ex parte order dated January 15, 1968, sequestering all of defendant’s property located within this State. In aid of said sequestration, pursuant to CPLR 6220, the plaintiff now moves for an order to permit the examination of the Chemical Bank New York Trust Company, as executor and trustee of the estate of Sumner Gerard, Sr., deceased. The purpose of the examination is to determine the nature and extent of defendant’s interest in his late father’s estate, and to ascertain the conditions upon which the defendant may be entitled to receive any assets or funds from the estate in futuro.
It appears that at the time the instant motion was instituted, the bank had refused to honor the demand made by the court-appointed receiver-sequestrator for the delivery over of any of defendant’s property or property in which he had an interest. Since then, the bank has reduced to the joint possession of itself and the receiver-sequestrator, the assets of the defendant standing in his individual name which are valued in excess of $675,000 less bank indebtedness of $171,979.27 secured by certain of the securities now held in joint possession. However, in the words of the receiver-sequestrator (see his letter dated March 6, *624 1968) the bank has “ been completely nnco-operative with respect to any assets of Mr. Gerard which it may be holding as executor and trustee of the Estate of Sumner Gerard Sr.”.
The bank urges that the plaintiff is not entitled to the examination sought as this is tantamount to a pretrial examination of defendant’s financial ability to pay alimony. The court is aware of the general rule followed in the First and Second Departments denying examinations before trial in matrimonial actions unless special circumstances are shown warranting such examinations (La Mura v. La Mura, 22 A D 2d 658). However, this court is of the opinion that this general rule has no application in the instant proceeding. The present application is merely in aid of sequestration and seeks only to discover what additional tangible and intangible properties of the defendant are subject to seizure by the receiver-sequestrator heretofore empowered in the sequestration order. In the case of Barton v. Barton (258 App. Div. 44) the plaintiff wife, who was appointed receiversequestrator pursuant to the provisions of section 1171-a of the Civil Practice Act (now Domestic Relations Law, § 233), obtained an order for an examination in aid of sequestration under the provisions of section 919 of the Civil Practice Act, now CPLR 6220. In affirming her right to such examination, the court said at page 45: “It has been held that the practice under section 1171-a is properly assimilated to attachment proceedings as being similar in nature [citations]. This being so, it would seem that plaintiff wife as sequestrator should have a remedy in aid of her order of sequestration similar to that afforded under section 919 of the Civil Practice Act to parties having an attachment.”
The fact that the instant motion is brought by the plaintiff wife, rather than the receiver-sequestrator named in the order of sequestration, acts as rio bar to this proceeding. It appears that subsequent to the argument and submission of this motion, another Justice of this court in a decision dated March 4, 1968, awarded the plaintiff wife temporary alimony of $500 per week (N. Y. L. J., March 7, 1968, p. 16, col. 8). CPLR 6220 provides that “ any interested person ” may move for an order of examination in aid of sequestration. As the beneficiary of the award of temporary alimony, the plaintiff wife certainly is “an interested person ” within the ambit of CPLR 6220. She is entitled to discover any and all assets located within this State, which are either owned by the defendant or in which he may have an interest, inasmuch as the seized assets will be the only funds out of which alimony payments can be made with certainty, because the defendant is a citizen of another State.
*625 It would be circuitous and time-consuming to require the plaintiff to move against the receiver-sequestrator for the relief which this court is now empowered to grant.
Substantial rights of the plaintiff are involved in the instant controversy and equity dictates that the trustee-bank be required to make a full and complete disclosure of every inchoate or vested right to which the defendant may be entitled in the estate of Sumner Gerard, Sr. No harm can flow from a revelation that the defendant is not a beneficiary of his father’s estate or any trusts established in the father’s lifetime or pursuant to his will. The converse is too obvious for further comment. The discovery of assets, it should be observed, is not synonymous with an order for the payment of permanent alimony. Only a trial will determine the plaintiff’s right to such support and maintenance.
Accordingly, the motion is granted.