Stanley Gartenstein, J.
Intricate proceedings in this matter which have been reviewed through the Court of Appeals *437 return for what is in effect a second attempt at the same relief vacated by the higher courts.
background
The within custody and support proceeding brought by the wife as petitioner in the Supreme Court, New York County, has been transferred to this court. Although petitioner and respondent were married in New York, they lived together in Venezuela most of their marriage until such time as petitioner left there to come to New York. At the present time, because of events irrelevant here, petitioner has de facto custody of one of the four children of the marriage while respondent and the other three children continue to reside in Venezuela. Respondent, an attorney admitted in this State, is currently associated with the firm of Baker and McKenzie, a Chicago based law firm with offices in this State whose business is conducted here by members thereof admitted in New York. (Hereinafter referred to as garnishee-third party.) Respondent represents this firm in Venezuela. The extent of his interest therein is in dispute. At the time of the first order of sequestration (1971 order) to be described hereinafter, he was a partner; at this time it is claimed he draws salary and is an employee thereof.
Upon the original transfer of proceedings to this court from the Supreme Court, an order of support was entered on November 11,1971 which was then implemented by an order of sequestration entered on November 15, 1971 (per Hon. Millard L. Midonick). At no time did respondent appear generally in any proceeding and he continues to this day to maintain unquestioned domicile in Venezuela. On appeal, the Appellate Division, First Department, reversed (Justices Kupferman and Capozzoli dissenting, 39 A D 2d 108) and vacated both orders. On appeal to the Court of Appeals (30 N Y 2d 941) the order of the Appellate Division was modified to the extent of reinstating the petition for custody of the one child now in New York and except as modified, affirmed.
The Court of Appeals further held that since the underlying proceeding was not one to alter or affect the marital status of the parties, thus falling under CPLR 103, this court’s jurisdiction to order maintenance and support would depend on a seizure of the nonresident defendant’s property prior (emphasis by the Court of Appeals) to the commencement of the action; and in the absence of prior seizure, the proceeding must fail. (Citing Geary v. Geary, 272 N. Y. 390; Matthews v. Matthews, 247 N. Y. 32.)
*438 Petitioner now returns to this court and in an effort to establish jursidiction by sequestration and seizure, has had a .second order of sequestration signed ex parte on October 19, 1972 (per Hon. Louis A., Pagnucco). This second sequestration order (1972 order) differs in one material respect from the first in that now it includes within its listing of sequesterable property the word “ salary” (lacking in the first .order) as well as language aimed at reaching any proprietary of partnership interest in the garnishee-third party, which respondent may have, this latter provision having been, included in both, sequestration orders. The 1972 order has not been honored. No petition has yet been filed in these new proceedings.
Petitioner now moves for an order directing the garnishee-third party to pay to the sequestrator “ all salary and amount representing the interest of -[Maurice Chapman] in the firm of Baker and McKenzie ” and for an order directing the examination of the garnishee-third party to ascertain the exact extent of respondent’s share therein. The garnishee-third party cross-moves to vacate the 1972 .sequestration order whose validity is now in issue.
The cross motion will be disposed of first, because - if denied, the denial thereof would appear to portend the court’s decision on the motion in chief.
' SEQUESTRATION AND ATTACHMENT
It is here relevant to point out that the sepárate bodies of law applying to sequestration and attachment respectively have been held-to apply to both, thus rendering, at least in judicial reasoning, both remedies to be synonymous (Matthews v. Matthews, supra).
EXAMINATION AS TO CONTESTED ISSUES ON NATURE OF SEQUESTERED PROPERTY
The garnishee-third party argues that respondent’s sole interest in its firm is as a salaried employee, and submits that salary is not sequesterable (citing Patterson v. Patterson, 251 App. Div. 272). As a corollary thereto, it opposes examination on the grounds that assuming arguendo that respondent’s interest is indeed that of a partner, thereby not insulated by the apparent protection of Patterson, which applies only to salary, that fact would have to be established in a plenary lawsuit in a court of appropriate jurisdiction. It cites in .support of this proposition, Rosenberg v. Rosenberg (259 N. Y. 338), holding that any contested issue of fact as to debtor’s interest in seques *439 tered property relegates the sequestrator to a plenary action at law.
While it is true that Rosenberg is .still good law today, having been affirmed as recently as Mendelsohn v. Mendelsohn (31 A D 2d 742 [1st Dept., 1969]), what stands out about this entire line of authority is the fact that those disputes therein which mandated separate plenary actions at law were all of a nature which, if established, would have effectively defeated title itself as opposed to this matter before us in which it is the extent of respondent’s title which is the only issue in dispute. There is no claim to title of the disputed funds in any other person other than respondent. Nor is there any claim that circumstances exist, other than the claim that these funds constitute “ salary ” exempt from sequestration, by virtue of which these funds, whatever they be called, would not be payable to respondent. Where it is the extent of a respondent’s interest which is in dispute, disclosure is specifically sanctioned by statute (CPLB 6220) and has been allowed. In Gerard v. Gerard (56 Misc 2d 623), the court (pér Hon. Wilfred A. Waltemade) citing Barton v. Barton (258 App. Div. 44), which considered the predecessor statute (Civ. Prac. Act, § 919) held that the disclosure provisions pertaining to attachment in the CPLB apply to sequestration, and allowed examination as to the extent of a husband’s interest in sequestered property.
Thus, examination would be mandated if the court finds that the funds in question, be they “ salary ” as claimed, or a partnership interest, are subject to sequestration.
SALARY AS SEQUESTERABLE PROPERTY
Close scrutiny would therefore be in order on the question of whether or not salary is sequesterable. The leading ease dealing specifically with this proposition is Patterson v. Patterson (supra) citing Valentine v. Williams (159 N. Y. S. 815, affd. 179 App. Div. 884, affd. 223 N. Y. 574; Rolt-Wheeler v. Rolt-Wheeler (175 App. Div. 852) which specifically holds in the negative. However, subsequent thereto the Court of Appeals in Morris Plan Ind. Bank v. Gunning (295 N. Y. 324) held salary reachable by creditors because of then recent statutory enactments to that effect (there dealing with a 10% limit in wage executions). Again the Legislature, in subsequently enacting section 49-b of the Personal Property Law, evidenced its intention to invade salary over the 10% limit where support was at stake. These two factors, the holding in Morris Plan and section 49-b of the Personal Property Law, both subsequent to Patterson were *440 considered by Mr. Justice Bernard S. Meyer in Neidorf v. Neidorf (43 Misc 2d 710 [Sup. Ct., Nassau County]), in wh ich the court concluded that “there is nothing sacrosanct about earnings qua earnings ” (p. 715) and held salary reachable by sequestration. The court stated (p. 715): “ That Benson makes the payments in question as earnings will not protect them from sequestration, therefore, if in fact defendant has a property right to them.”
Further, in disposing of the “future earnings” objection, the court held (p. 715): “ That the payments are to be made in the future does not prevent sequestration of them if they arise out of a property right.”
The garnishee-third party argues that Neidorf is distinguishable by the fact that there, what appeared to be salary was actually a vested • property right being paid in installments resembling salary. "While this point is well taken, the court notes that Neidorf specifically refers to .salary per se and cites as its enabling authority, Morris Plan, a case dealing specifically with salary, undisguised as anything else. It therefore appears, and the court so holds, that were Patterson to be decided today, in the light ¡of Morris Plan and .section 49-b of the Personal Property Law, the result most probably would be as set forth in Neidorf. Respondent’s salary is therefore held subject to sequestration. To protect a party whose salary has been sequestered from a total choking off of funds, that party may move, as Mr. Justice Meyer allowed in Neidorf, for an order excluding a portion of the sequestered salary for his own requirements and for those dependent on him (citing Fox v. Fox, 276 App. Div. 859; Ferguson v. Ferguson, 247 App. Div. 24; Weigold v. Weigold, 236 App. Div. 126).
Before it passes on to the next consideration, the court must note that it is cognizant of substantial constitutional arguments framed under the due process clause of the Fourteenth Amendment concerning the entire field of ex parte attachments, .sequestration, replevin, wage executions, etc. (See Sniadach v. Family Finance Corp., 395 U. S. 337; Fuentes v. Shevin, 407 U. S. 67.)
The court is deeply troubled by these constitutional ramifications and by the lack of any definitive dividing line between constitutionally acceptable procedure and that which offends the concept of due process as embodied in the Fourteenth Amendment. 'Certainly, ex parte seizure, and particularly where it concerns seizure of wages in advance, is a dynamic evolving field constitutionally. While the court cannot ignore the red flag being waved before it, as a lower court, it must leave these *441 constitutional considerations untouched in deference áo higher judicial authority and such guidance as it may offer us in the future.
In this connection, however, and with reference to the argument that salary is not ‘ property ’ ’ within the sequestration statute, it is interesting to note that the Supreme Court of the United States has referred to it in that manner in Sniad'ach {supra, p. 340) where it refers to it as a “ specialized type of property ”.
OHDERr
The cross motion to vacate sequestration is denied. The motion-in-chief for compliance therewith is granted. Motion for disclosure to facilitate sequestration is granted. The examination is to be held within the jurisdiction. Recognizing that some hardship may be created to the garnishee-third party, it is granted leave to serve a detailed statement setting forth the precise extent of respondent’s interest therein and the precise amounts payable to him as contemplated by CPLR 6219. Failing meaningful compliance with this directive, it is to appear for actual examination.