■ BARBARA L. RASKIND, Respondent, v RICHARD RASKIND, Also Known as RENEE RICHARDS, Defendant, and RICHARD MUCHNICK, Appellant.—Order, Supreme Court, New York County, entered October 11, 1977, adjudging appellant in contempt, unanimously reversed, on the law, and the motion denied, without costs and without disbursements. Plaintiff-respondent is the former wife of a doctor who sold his practice to appellant in February, 1976, with payments therefor to be made in monthly installments. Theretofore, in March, 1975, plaintiff and her husband had entered into a separation agreement incident to their ongoing divorce action, which provided for payments to the wife of certain alimony and child support payments. When the husband fell into arrears in these payments, plaintiff wife secured a Supreme Court order of sequestration, not here contested, appointing plaintiff wife receiver to take possession of the "payments due and which shall

become due from [appellant] to defendant by reason of the sale by defendant to [appellant] of defendant's * * * practice, and apply" those sums to liquidation of the arrears due under the separation agreement. The husband had undergone transsexual plastic surgery in order to engage in professional athletics as a female, and the resultant publicity caused a decline in the practice which he (she) had sold. Appellant consequently moved under the broad arbitration clause in the contract of sale to secure an adjudication of his claim for rescission against the seller and the one who had succeeded to the seller's rights. Plaintiff refused to participate and commenced these proceedings to stay the arbitration and to punish appellant for contempt of the sequestration order. Special Term granted the motion to stay to the extent of relieving plaintiff of the necessity of participation in the arbitration, and granted the motion to punish, to be purged by payment of the defaulted installments. We disagree. In becoming the receiver, plaintiff secured no more rights in the payments due under the sales contract than defendant had. The sequestration order had never adjudicated those rights as between seller and purchaser and since plaintiff as receiver could have no more rights than the contract seller, plaintiff's rights were limited by the very contract of sale under which she claims the payments as creditor-receiver. (See *Rosenberg v Rosenberg,* 259 NY 338.) There being no clear right to payment, further proceedings under the sequestration order must await resolution of appellant's claim to rescission of the contract. The rights under the sale contract, not justiciable in a summary contempt proceeding, may be established only at arbitration, here the contractual equivalent of a plenary action. The underlying arbitration proceeding, having been halted by the decision of the motion to stay, may now be continued by appellant from the point at which it was halted. Concur—Murphy, P. J., Lupiano, Silverman, Markewich and Sandler, JJ.